This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-38798

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DANIEL GETCHELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his convictions, following a jury trial, for two counts of criminal sexual contact of a minor. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and a motion to amend the docketing statement. Having duly considered Defendant's arguments, we deny the motion to amend the docketing statement and affirm Defendant's convictions.

**{2}** Defendant seeks to amend the docketing statement to add the issue of whether the district court violated his right to a fair trial by erroneously allowing the State to

present testimony attacking Defendant's character. [MIO 1] Defendant asserts the district court erred by allowing a witness to testify, over Defendant's objection, about a time the witness saw Defendant lying under a blanket next to Victim and other children. [MIO 5-7] Although Defendant contends the testimony was highly prejudicial character evidence, he has not explained the purposes for which the State sought to admit the testimony. *See* Rule 11-404(B) NMRA ("Evidence of a crime, wrong, or other act" may be admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). In addition, Defendant has not informed us, either in his docketing statement or in his memorandum in opposition, of the basis for the district court's ruling admitting this testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (stating that "[w]here there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment" (alteration, internal quotation marks, and citation omitted)); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted).

{3}     On the record before us, therefore, and in the absence of complete information, we cannot say that the district court erred by admitting the testimony. We therefore deny the motion to amend the docketing statement on the basis that Defendant has not shown that the issue is viable. *See State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (discussing requirements for amending a docketing statement, including that the issue sought to be raised must be viable). In addition, we deny Defendant's request to place this case on the general calendar to determine whether admission of the testimony deprived Defendant of a fair trial; [MIO 5-6] *see also State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("[R]eassignment to a nonsummary calendar would serve no purpose other than to allow appellate counsel to pick through the record. It has long been recognized by this court that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

{4}     Turning to Defendant's assertion that the evidence was insufficient to support his convictions, Defendant claims the evidence was deficient because the case "turned on whether the jury believed [Victim]." [MIO 9] However, the testimony of a single witness constitutes sufficient evidence to uphold a conviction. *See State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333. In addition, on appeal, we defer to the "fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay." *Id.* Defendant has not otherwise asserted any facts, law, or argument concerning this issue that persuades this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute*

*on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}** Lastly, Defendant contends he received ineffective assistance of counsel because trial counsel failed to investigate other members of Victim's and Defendant's extended family, which may have provided evidence of "another source from which [Victim] could have learned about or received sexual abuse." [MIO 10-11] Defendant, however, provides no basis within the trial record that suggests additional investigation by trial counsel would have supported Defendant's defense. In addition, we cannot say that counsel's failure to interview extended family members constituted deficient performance or that such failure cannot be explained by a plausible rational strategy. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198, 22 P.3d 666 (stating that a prima facie case of ineffective assistance of counsel will not be found where there is a plausible, rational strategy, or tactic to explain trial counsel's conduct); *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus."). We further note that the fact that the trial defense was unsuccessful and another defense may have existed does not require a finding of ineffective assistance of counsel. *See State v. Hester*, 1999-NMSC-020, ¶ 16, 127 N.M. 218, 979 P.2d 729 ("The mere fact that the defense was not successful does not equate to a finding of ineffective assistance of counsel."). We therefore conclude Defendant has not met his burden to persuade this Court that the assistance of counsel he received should be presumed ineffective.

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{7} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**